# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ARTHUR A. PATTERSON, | Case No. 19-CV-0838 (DSD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| BOB BONO and BARB JEANETTA, | |
| Defendants. | |

Plaintiff Arthur A. Patterson initiated this action by filing a complaint that was nearly blank. *See* ECF No. 1. Because Patterson had applied for *in forma pauperis* ("IFP") status, his complaint was subject to review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* ECF No. 2. Upon conducting that review, this Court informed Patterson that his pleading, such as it was, did not state a claim upon which relief could be granted. *See* ECF No. 3. Rather than recommend dismissal of this action, however, this Court afforded Patterson an opportunity to submit an amended complaint. *Id.* This Court has since received a document that has been docketed as a letter to the Court, but which may fairly be interpreted as an amended pleading. *See* ECF No. 4. That document is now before the Court for review.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The complaint alleges, speaking broadly, that Patterson was mistreated as a tenant while renting property from the defendants. In his original pleading, Patterson

1

contended that this Court had jurisdiction over this matter because it presented a federal

question of law.  *See* ECF No. 1 at 3 (citing 28 U.S.C. § 1331).  But neither the original

nor the amended pleading cite a specific federal statute or cause of action.[1]  Patterson

*does* allege that he was discriminated against on the basis of his race by the defendants,

and the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq., prohibits racial

discrimination in the rental of housing.  But Patterson does not include allegations

demonstrating that the defendants fall within the ambit of the FHA, and Patterson's

allegations that the actions of the defendants were motivated by racial animus are

conclusory; there is no basis from the complaint from which a factfinder could conclude,

even taking each of the non-conclusory allegations as true, that Patterson's race was a

motivating factor in the events at issue.

     Patterson's allegations are more suggestive of claims arising under state law

related to breach of contract, harassment, and tenants' rights.  Section 1331, however,

does not provide a basis for subject-jurisdiction over these state-law claims.  Moreover,

there is no reason from either the original or amended pleading to believe that the parties

are of diverse citizenship, and thus 28 U.S.C. § 1332 cannot provide a basis for subject-

---

[1] Among the documents submitted as exhibits to the complaint is a printout of a website concerning how to file a complaint with the U.S. Department of Justice under the Americans with Disabilities Act ("ADA"), *see* ECF No. 1-1 at 5-7, and his amended pleading refers to a "Disability Act," ECF No. 4 at 5.  But Patterson has not adequately alleged that he is disabled for purposes of the ADA, *see* 42 U.S.C. § 12102(1), and none of his allegations, even when interpreted liberally, relate to behavior of the defendants made unlawful by the ADA.

matter jurisdiction either.  By all indications, this matter belongs in state court, not federal court.

As the plaintiff to this action, Patterson has an affirmative obligation to establish the subject-matter jurisdiction of the Court.  *See* Fed. R. Civ. P. 8(a)(1).  Because Patterson has failed to do so, this Court now recommends that the matter be dismissed without prejudice.  *See* Fed. R. Civ. P. 12(h)(3).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.    This matter be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2.    The application to proceed *in forma pauperis* of Plaintiff Arthur A. Patterson [ECF No. 2] be DENIED AS MOOT.

Dated: May 16, 2019                         *s/Tony N. Leung*_____
                                            Tony N. Leung
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).